```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA


DELTA MARINE                             CIVIL ACTION
ENVIRONMENTAL, LLC

VERSUS                                   NO: 16-4881

PHOENIX BULK CARRIERS                    SECTION: "J"(3)
U.S., LLC
```

## ORDER & REASONS

Before the Court is Plaintiff, Delta Marine Environmental, LLC's ("Delta Marine") *Motion for Summary Judgment* **(R. Doc. 19)**, an opposition (R. Doc. 24) thereto filed by Defendant, Phoenix Bulk Carriers U.S., LLC ("Phoenix"), and a reply (R. Doc. 27) filed by Delta Marine. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that pursuant to Federal Rule of Civil Procedure 56(f),[1] Delta Marine's motion should be **DENIED** and that summary judgment in favor of Phoenix should be **GRANTED**.

## FACTS AND PROCEDURAL BACKGROUND

This litigation arises from unpaid vessel cleaning services performed for the M/V BULK DISCOVERY. The M/V BULK DISCOVERY is

---

[1] *See E.C. Ernst, Inc. v. Gen. Motors Corp.*, 537 F.2d 105, 109 (5th Cir. 1976) (noting that summary judgment in favor of a non-moving party is appropriate where all material facts are before the court and the moving party has been given a full and fair opportunity to dispute the facts alleged by his adversary). Not only are all material facts before the Court, but Phoenix's opposition specifically requested that the Court construe the motion under Rule 56(f), and Delta Marine was granted leave to file a reply to Phoenix's opposition. (R. Doc. 27.)

owned by Bulk Discovery (Bermuda), Ltd. and at all times relevant to this litigation was time chartered by Americas Bulk Transport (BVI), Ltd. Phoenix was the managing agent for the M/V BULK DISCOVERY. Phoenix provided Noranda Aluminum, LLC ("Noranda") with vessels that Phoenix managed in order for Noranda to ship bauxite between the Caribbean and states along the Gulf of Mexico. In May of 2015, the M/V BULK DISCOVERY was discharging bauxite at Noranda's terminal facility on the Mississippi River in Gramercy, Louisiana. The M/V BULK DISCOVERY needed to be "shovel cleaned" in order to load coal for its next voyage. Peter Cregan, an operations manager for Phoenix, contacted Guy Sergi, the Chief Operations Officer of Delta Marine, to arrange for "shovel cleaning" and "hold washing" of the vessel. Delta Marine performed the services as requested, and distributed invoices to Noranda and Phoenix. Phoenix paid for the hold washing. Noranda failed to pay for the shovel cleaning, and thereafter filed for bankruptcy. The parties now dispute who is responsible for paying for the shovel cleaning services. In short, Delta Marine argues that it was never informed that the shovel cleaning was on behalf of Noranda's account; and therefore, Phoenix is responsible for paying for the shovel cleaning. In opposition, Phoenix argues, *inter alia*, that Mr. Cregan specifically informed Mr. Sergi that the shovel cleaning was for Noranda's account, and that Noranda is responsible for the

unpaid shovel cleaning. Delta Marine's motion is now before the Court on the briefs and without oral argument.

## PARTIES' ARGUMENTS

### 1. Delta Marine's Arguments

Delta Marine's argument may be summarized as follows: Phoenix was the manager of the M/V BULK DISCOVERY when necessaries, *i.e.*, vessel cleaning services, were provided; as the manager of the vessel, Phoenix is statutorily presumed to have authority to procure such necessaries; Delta Marine was entitled to rely on the credit of Phoenix in providing the shovel cleaning services; accordingly, Phoenix is liable, *in personam*, to Delta Marine for payment of the unpaid shovel cleaning services. *See* (R. Doc. 19-1 at 5-6.) Anticipating Phoenix's argument that Noranda is responsible for shovel cleaning services, Delta Marine asserts that this does not preclude Delta Marine from looking to Phoenix for payment. *Id.* at 6. Further, to the extent that any such agreement exists, Delta Marine argues that Phoenix may seek indemnity from Noranda.

### 2. Phoenix's Arguments

Phoenix argues that Delta Marine cannot prove the existence of a contract between Phoenix and Delta Marine for the shovel cleaning services. (R. Doc. 24 at 8.) Phoenix argues that Peter Cregan "specifically told Mr. Sergi the shovel cleaning was arranged on Noranda's behalf and for its account, and that the

hold cleaning/washing was for the disponent owner's account." *Id.* Thus, Phoenix asserts that Delta Marine knew that the shovel cleaning was for Noranda's account. Further, Phoenix argues that it was acting on behalf of a disclosed agent, Noranda, and as such, cannot be held liable for the unpaid shovel cleaning invoice. *Id.* at 10. Furthermore, Phoenix asserts that pursuant to Federal Rule of Civil Procedure 56(f), summary judgment should be entered in its favor and against Delta Marine. *Id.* at 12.

## LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court

ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See, e.g., id.* at 325; *Little*, 37 F.3d at 1075.

**DISCUSSION**

First, it must be noted that Delta Marine brought this action against Phoenix *in personam*. This is significant in light of Delta Marine's arguments. Specifically, Delta Marine argues that because Phoenix is statutorily presumed to have authority to procure necessaries for the M/V BULK DISCOVERY, Phoenix is also liable *in personam* for the unpaid shovel cleaning. However, Delta Marine has conflated an important distinction recognized in maritime law. The Federal Maritime Lien Act makes clear that "a person providing necessaries to a vessel on the order of the owner or a person authorized by the owner (1) has a maritime lien **on the vessel**; may bring a civil action ***in rem*** to enforce the lien; and is not required to allege or prove in the action that credit was given to the vessel." 46 U.S.C. § 31342(a) (emphasis added); *Cmty. Bank of Lafourche v. M/V MARY ANN VIZIER*, No. 11-630, 2012 WL 1672618, at *4 (E.D. La. May 14, 2012) ("A person providing necessaries to a vessel on the order of the owner or a person authorized by the owner has a maritime lien on the vessel."). In other words, while Phoenix may have had authority under the Federal Maritime Lien Act to bind the M/V BULK DISCOVERY, *in rem*, for unpaid necessaries, it does not necessarily follow that Phoenix is also liable *in personam* to Delta Marine for these services. Thus, Delta Marine's argument that it is entitled to recovery against Phoenix *in personam* is misplaced. *See Equi-lease Corp. v. M/V SAMPSON*, 793 F.2d 598, 602

(5th Cir. 1986) (en banc) ("A maritime lien is a remedy separate from an *in personam* action against the owner or operator.").

The parties appear to agree that there was an agreement[2] between Phoenix and Delta Marine. However, the parties dispute whether, during the formation of such agreement, Phoenix ordered the shovel cleaning services on Noranda's behalf. Phoenix argues that it was acting as an agent on behalf of a disclosed principal— Noranda. Delta Marine argues that Phoenix has produced no admissible evidence of its status as Noranda's agent.

Principles of agency apply in Louisiana and maritime law. *See* La. Civ. Code art. 3018; *Cactus Pipe & Supply Co., Inc. v. M/V MONTMARTRE*, 756 F.2d 1103 (5th Cir. 1985). It is Phoenix's burden to establish the existence of an agency agreement. *Indus. Mar. Carriers, Inc. v. Japan Heavy Lift*, No. 03-1041, 2006 WL 860979, at *1 (E.D. La. Mar. 20, 2006) (citing *Karl Rove & Co. v. Thornburgh*, 39 F.3d 1273, 1296 (5th Cir. 1994)); *see also George v. White*, 12-101, p. 13 (La. App. 5 Cir. 10/30/12); 101 So. 3d 1036, 1043 (citing *J.T. Doiron, Inc. v. Lundin*, 385 So. 2d 450, 452-53 (La. App. 1 Cir. 1980)). To prove an agency relationship, Phoenix must demonstrate that: (1) Noranda indicated Phoenix was acting on its behalf, (2) Phoenix acted or agreed to act on the

---

[2] *See Nat'l Marine, Inc. v. Glencore, Ltd.*, No. 95-2682, 1998 WL 118087, at *3 (E.D. La. Mar. 16, 1998) (citing *Alamo Barge Lines, Inc. v. RIM Mar. Co., Ltd.*, 596 F. Supp. 1026 (E.D. La. 1984) (noting that oral contracts are permitted under general maritime law); La. Civ. Code art. 1927 (permitting oral contracts in certain circumstances under Louisiana law).

Noranda's behalf, and (3) Phoenix was subject to Noranda's control. *Butcher v. Superior Offshore Int'l, LLC*, 754 F. Supp. 2d 829, 835 (E.D. La. 2010) (citing *Aetna Ins. Co. v. Glens Falls Ins. Co.*, 453 F.2d 687, 690-91 (5th Cir. 1972)). "[T]he essential element of an agency relationship is the right of control." *Id.* (quoting *In re Carolin Paxson Advert., Inc.*, 938 F.2d 595, 598 (5th Cir. 1991)). "Express notice of the agent's status and the principal's identity is unnecessary if facts and circumstances surrounding the transaction, combined with the general knowledge that persons in that type of business are usually acting as agents, demonstrate affirmatively that the third person should be charged with notice of the relationship." *George*, 101 So. 3d at 1044-45 (quoting *Lundin*, 385 So. 2d at 452-53); *see also Port Ship Serv., Inc. v. Int'l Ship Mgmt. & Agencies Serv., Inc.*, 800 F.2d 1418, 1421 (5th Cir. 1986) (citing Restatement (Second) of Agency § 4(2), cmt. (a) (Am. Law Inst. 1958)) ("[T]he identity of the principal can be sufficiently disclosed even when the third party has no actual knowledge of it; the third party has notice of the existence or identity of the principal if he knows, has reason to know, or should know of its existence.") (internal quotations and alterations omitted); Restatement (Third) of Agency § 6.01 cmt. (c) (Am. Law Inst. 2006) ("[A] principal may be disclosed even though the contract does not name or identify the principal; it is sufficient that the third party has notice of the principal's

identity."); Restatement (Third) of Agency § 1.04(4) (Am. Law Inst. 2006) ("Notice. A person has notice of a fact if the person knows the fact, has reason to know the fact, has received an effective notification of the fact, or should know the fact to fulfill a duty owed to another person.").

The specific evidence in this case reveals that Delta Marine had notice that Phoenix was Noranda's agent, acted on Noranda's behalf, and was subject to Noranda's control as to ordering shovel cleaning services. Phoenix submitted the unsworn declaration under penalty of perjury[3] of Peter Cregan, who states that he "specifically told Mr. Sergi that the shovel cleaning was for Noranda's account and that the hold cleaning was for the disponent owner's account." The parites submitted two invoices that were billed for the services provided to the M/V BULK DISCOVERY. One invoice, produced by Delta Marine, was billed directly to Noranda for $108,129.00. (R. Doc. 19-3 at 3.) The other invoice, produced by Phoenix, was billed directly to Phoenix for $91,430.00. (R. Doc. 24-2, at 15-16.) Further, Guy Sergi, the Chief Operations Officer of Delta Marine, sent an email to Peter Cregan of Phoenix stating that, "Noranda invoiced amount is $103,984 and Phoenix is

---

[3] An unsworn declaration under penalty of perjury is proper summary judgment evidence if executed in proper form. *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1306 (5th Cir. 1988) (citing 28 U.S.C. § 1746). Mr. Cregan's unsworn declaration under penalty of perjury is in proper form pursuant to 28 U.S.C. § 1746.

not much less $92,860."[4] *Id.* at 11. Another email from Guy Sergi to Peter Cregan states, "Noranda has agreed that the money owed should be paid by Noranda. . . I am not at all asking Phoenix to pay. Just asking for help to get Noranda to pay immediately without any further delay. We have basically financed Noranda's shoveling cleaning obligations to date."[5] *Id.* at 18. Yet again, Guy Sergi sent an email to Noranda and Peter Cregan stating that Delta Marine has "performed this task many times for Noranda handling the shovel cleaning and then actually performing the holding cleaning for Phoenix. It has always been kept separate, billed separately and paid separately. I do not understand the mass confusion on this one." *Id.* at 17.

This evidence clearly demonstrates that there is no issue of material fact that Phoenix was acting on behalf of Noranda, as it had done "many times" before, when it ordered shovel cleaning for the M/V BULK DISCOVERY. Under Louisiana and general maritime law, an agent acting on behalf of a disclosed principal is not liable for contract claims stemming from contracts the agent executes on

---

[4] It appears that Delta Marine made a billing mistake on the original invoices, which demonstrates why these figures differ from the final invoice. *See* (R. Doc. 24-2 at 12.) Nevertheless, this is evidence that Delta Marine billed Noranda and Phoenix separately and knew that the shovel cleaning services were on behalf of Noranda's account.

[5] Because Mr. Sergi is the Chief Operations Officer for Delta Marine, *i.e.*, a representative, this email is admissible non-hearsay as a "statement offered against an opposing party . . . made by the party in an individual or representative capacity." Fed. R. Evid. 801(d)(2)(A); *Sealed Appellee v. Sealed Appellant*, 665 F.3d 620, 625 (5th Cir. 2011) (noting that admissions may be written or spoken).

the principal's behalf. *Pacorini USA, Inc. v. ROSINA TOPIC, M/V*, 127 F. App'x 126, 129 (5th Cir. 2005) (applying maritime law); La. Civ. Code art. 3018 ("A mandatary who enters into a contract and discloses his status as a mandatary, though not his principal, binds himself personally for the performance of the contract. The mandatary ceases to be bound when the principal is disclosed."). Accordingly, the Court holds that Phoenix is not liable to Delta Marine for the unpaid shovel cleaning services.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Delta Marine Environmental, LLC's *Motion for Summary Judgment* **(R. Doc. 19)** is **DENIED**.

**IT IS FURTHER ORDERED** that Phoenix Bulk Carriers U.S., LLC's request for entry of summary judgment **(R. Doc. 24)** pursuant to Federal Rule of Civil Procedure 56(f) is **GRANTED**. Delta Marine Environmental, LLC's claims against Phoenix Bulk Carriers U.S., LLC are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana this 16th day of February, 2017.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE